UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

MARVELL JERMAINE LACY, JR.,  )
             )
   Petitioner,      )   Civil Action No. 5: 24-065-DCR
             )
V.           )
             )   **MEMORANDUM OPINION**
KEVIN MAZZA, Warden,   )     **AND ORDER**
             )
   Respondent.     )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On January 23, 2024, Marvell Lacy, Jr. petitioned for issuance of a writ of habeas corpus in the Western District of Kentucky by submitting a form requesting relief under 28 U.S.C. § 2241.  [Record No. 1] Lacy also sought leave of the court to proceed *in forma pauperis* and accompanied his request with a prisoner trust fund account statement.  [Record Nos. 4, 5] The matter was assigned to Senior District Judge Charles R. Simpson III, who determined that Lacy's *pro se* request should be construed as a petition brought under 28 U.S.C. § 2254.  [Record No. 6] Because Lacy was convicted in Fayette County, Judge Simpson directed the matter be transferred to this Court pursuant to 28 U.S.C. § 1404(a) and Local Rule 3.2(b), (f).  [Record No. 6] The case was transferred on March 5, 2024.  [Record No. 7]

**I.**

After pleading guilty in the Fayette Circuit Court to numerous charges,[1] Lacy was sentenced to twenty years' imprisonment on January 20, 2023.[2] [Record Nos. 10-2, p. 10; 10-2] His petition, construed liberally, alleges that he received ineffective assistance of counsel and was unable to meaningfully confront witnesses in violation of his Fifth and Sixth Amendments under the United States Constitution. [Record No. 1]

The matter was referred to United States Magistrate Judge Hanly A. Ingram for consideration pursuant to 28 U.S.C. § 636(b)(1)(B).[3]   Magistrate Judge Ingram issued a Recommended Disposition and Order on March 13, 2024, recommending that Lacy's habeas petition be dismissed for failing to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1).  [Record No. 10] *See Johnson v. Bauman*, 27 F.4th 384, 387 (6th Cir. 2022) ("[E]xhaustion 'is a threshold question that must be resolved before' a court may grant habeas relief . . . ." (quoting *Wagner v. Smith*, 581 F.3d 410, 415 (6th Cir. 2009))).  The Magistrate Judge's submission also recommended that no certificate of appealability be issued.

Lacy was advised that he had fourteen days to file written objections to any findings or recommendations contained within the Recommended Disposition and Order, and that by

---

[1]    Lacy pleaded guilty to complicity to manslaughter in the 1st degree (Count 1); attempted murder (Count 2); complicity to robbery in the 1st degree (Count 3); complicity to robbery in the 2nd degree (Count 4); trafficking in cocaine in the 1st degree (Count 8); possession of a controlled substance in the 1st degree (Count 9); fleeing or evading police in the 2nd degree (Count 10); receiving stolen property (Count 15); trafficking in a controlled substance in the 3rd degree (Count 16); and criminal mischief in the 3rd degree (Count 20). [Record No. 10-2]

[2]    An Amended Final Judgment was entered on January 31, 2023, in *Commonwealth v. Lacy*, No. 18-CR-00157-001 (Fayette Cir. Ct. Jan. 31, 2023).

[3]    Magistrate Judge Ingram granted Lacy's motion to proceed *in forma pauperis*. [Record No. 4]

doing so, those objections would be subject to *de novo* review by the undersigned.  He also was cautioned that failing to make timely objections "may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals."  [Record No. 10] (citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019)).

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."  *Arn*, 474 U.S. at 150.  In this case, Lacy failed to file objections to the Recommended Disposition and Order.  Nevertheless, the undersigned has conducted a *de novo* review of the matter.

## II.

In the Recommended Disposition and Order, Magistrate Judge Ingram indicates that an Amended Judgment was entered in Fayette Circuit Court on March 6, 2024.[4]  Based on that determination, he concludes that, "[b]ecause Lacy's claims have not gone through the Kentucky appeals process, they are unexhausted."  [Record No. 10, p. 3] But the Amended Judgment in this case was actually entered January 31, 2023.  [Record Nos. 10-1, p. 10; 10-2] Because Lacy did not file a direct appeal, his conviction became final thirty days after its

---

[4]    This appears to be the date that the Amended Judgment was recalled or viewed on eCourts. The case docket and the Amended Judgment's header indicate that the document was filed on January 31, 2023.  [Record Nos. 10-1, 10-2] An inspection of the judge's electronic signature confirms that the Amended Judgment was signed January 26, 2023, at 4:48 p.m.  [Record No. 10-2]

entry—March 2, 2023.  *See* Ky. R. Crim. P. 12.04.  As a result, the Court will revisit the issue of exhaustion.

"[C]omity requires that the state courts should have the first opportunity to review the prisoner's federal claim and provide any necessary relief."  *Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005).  Accordingly, "[a] federal habeas court generally may consider a state prisoner's federal claim only if he has first presented that claim to the state court in accordance with state procedures."  *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022); *see* 28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement has not been met if the petitioner "has the right under the law of the State to raise, *by any available procedure*, the question presented."  28 U.S.C. § 2254(c) (emphasis added).  Where state remedies remain, the petition is "procedurally defaulted."  *Shinn*, 596 U.S. at 371.

Kentucky Rule of Criminal Procedure 11.42 provides post-conviction relief through motions to vacate, set aside, or correct sentences subject to collateral attack on due process grounds.  *See* Ky. R. Crim. P. 11.42.  Unlike Lacy's deadline to seek a direct appeal which has long since passed, motions brought under Rule 11.42 can be filed within three years after the judgment becomes final.  *See* Ky. R. Crim. P. 11.42(10).  Lacy's petition for a writ of habeas corpus will be dismissed because this state remedy is still available.

### III.

A Certificate of Appealability will not issue because no reasonable jurist would debate that Lacy's claims are unexhausted. Accordingly, it is hereby

**ORDERED** as follows:

- 5 -

1.      Parts I and III of United States Magistrate Judge Hanly A. Ingram's Recommended Disposition and Order [Record No. 10] are **ADOPTED** and **INCORPORATED** by reference.

2.      Petitioner Lacy's petition for a writ of habeas corpus is **DISMISSED**, without prejudice, and **STRICKEN** from the docket.

3.      A Certificate of Appealability will not issue.

Dated: April 5, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky